IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD FRAME,<br>      Plaintiff,<br><br>v.<br><br>MENALLEN TOWNSHIP, et al.<br><br>      Defendants. | )<br>)<br>)<br>)   Civil Action No. 09-1380<br>)<br>)<br>)<br>) |

MEMORANDUM and ORDER

Gary L. Lancaster,
Chief Judge.                                              April 5, 2010

      Before the court is defendants' motion to dismiss [Doc. No. 9] plaintiff's second amended complaint filed on November 30, 2009. [Doc. No. 8]. For the reasons to follow, the court will deny defendants' motion as moot, and order defendants to file a response to plaintiff's third amended complaint. [Doc. No. 14].

      On September 15, 2009, Richard Frame, pro se, sued defendants in the Court of Common Pleas of Fayette County. On September 28, 2009, he filed an amended complaint in that court, alleging violations of RICO, denial of substantive due process rights pursuant to 18 U.S.C. § 1983, common law fraud, mail fraud, wire fraud, and state law claims for fraud, civil conspiracy, abuse of process and unfair business practices. On October 14, 2009, the defendants removed to this court, and filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss, arguing that the pleading did not contain sufficient facts to state a claim for relief. [Doc. Nos. 3 & 4].

On November, 30, 2009, Frame filed a response to defendants' motion to dismiss, arguing that he had stated a claim that defendants "have issued scores of vague summary criminal complaints insufficient as a matter of law for the purpose of officially oppressing him." [Doc. No. 6]. He did not, however, allege any facts in support of his claim. On the same day, Frame also filed a brief in support of his complaint [Doc. No. 7] and a second amended complaint [Doc. No. 8]. In his brief, Frame reiterated that he was filing a civil rights action "against a cabal of township officials who are conspiring to enforce invalid citations for the impermissible purpose of raising municipal revenue." Frame's second amended complaint was substantively identical to the amended complaint he filed in state court [Doc. No. 1], with the exception of a few paragraphs of allegations and case citations. The amended complaint [Doc. No. 8] did not include any factual allegations. However, in support of his complaint, Frame attached copies of dozens of citations he has received for various municipal code infractions for failure to maintain his property. [Doc. No. 8].

In response to these filings, defendants filed a motion to dismiss the second amended complaint, arguing that plaintiff still had not stated any facts to support his claims. [Doc. No. 9]. Frame filed a response to the motion to dismiss, which he titled "Second Amended Complaint." [Doc. No. 14]. This document was

substantively identical to his first "second" amended complaint [Doc. No. 8], except that it included a section entitled "Facts." In that section, Frame states that he is the former owner of one-half Acre lot in Menallen Township, near Uniontown, in Fayette County, Pennsylvania. The lot includes a now vacant dwelling house that Frame intended to use for an apartment rental and commercial lot business. Frame alleges that a "hostile neighbor used the premises for littering grounds when Frame was away and vandalism is tolerated and instigated by children of the adjacent property owner." As a result, he has been buried "underneath a blizzard of summary citations . . . In total, the citations demand at least $13,000.00 in fines." This is despite Frame's allegation that his neighbor, defendant Robert Yatsko, a former municipal code enforcement officer, has three properties "in far more dilapidated condition." Frame also alleges that defendant John Newcomer, code enforcement officer who apparently filed the citations against Frame, trespassed on his property and "lacked an oath of office as required by the Second Class Township Code Article V, Section 501."

As a result, it is clear to the court that Frame's February 11, 2010 Response to the Motion to Dismiss [Doc. No. 14] was an attempt to respond to defendants' Motion to Dismiss by filing another amended complaint that did contain factual allegations. The court will therefore construe Frame's February 2, 2010 response [Doc. No. 14] as a motion for leave to file a third

3

amended complaint, which the court will grant. See Fed. R. Civ. P. 15(a)(2) ("[a] party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").

As such, the second amended complaint filed on November 30, 2009 [Doc. No. 8] is no longer the viable operative complaint. The court will therefore deny defendants' motion to dismiss [Doc. No. 9] as moot. Defendants shall have twenty-one (21) days to file an answer or a motion to dismiss in response to Frame's third amended complaint [Doc. No. 14]. Should defendants file a motion to dismiss, plaintiff will have twenty-one (21) days to file a response in compliance with Federal Rules of Civil Procedure 8, 11, 12, and Local Rule 7.1. To the extent plaintiff fails to respond to defendants' motion to dismiss in the proper form, the court will grant any such motion on that basis alone. The court will not permit plaintiff to further amend his complaint.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD FRAME, )
      Plaintiff, )
       )
v. ) Civil Action No. 09-1380
       )
MENALLEN TOWNSHIP, et al. )
       )
      Defendants. )

## ORDER

And now, on this 5th day of April, 2010, it is HEREBY ORDERED that defendants' motion to dismiss [Doc. No. 9] is DENIED as moot. Defendants shall have twenty-one (21) days to file an answer or a motion to dismiss in response to Frame's third amended complaint [Doc. No. 14]. Should defendants file a motion to dismiss, plaintiff will have twenty-one (21) days to file a response in compliance with Federal Rules of Civil Procedure 8, 11, 12, and Local Rule 7.1. To the extent plaintiff fails to respond to defendants' motion to dismiss in the proper form, the court will grant any such motion on that basis alone. THE COURT WILL NOT PERMIT PLAINTIFF TO FURTHER AMEND HIS COMPLAINT.

BY THE COURT,

_____ C. J.

cc: All counsel of record

Richard Frame
P.O. Box 643
Smithfield, PA 15478